**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM JAMES MATHEW WALLACE II, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FRANK LONGANO, Dr - WCC; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> DEPARTMENT OF CORRECTIONS OF WASHINGTON, <br><br> Defendant. | No. 20-35670 <br><br> D.C. No. 3:19-cv-05330-RJB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former Washington state prisoner William James Mathew Wallace II appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 and Americans with Disabilities Act ("ADA") action alleging deliberate indifference to his serious medical needs and disability discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants because Wallace failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his medical needs resulting from his pre-existing injury to his foot. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (plaintiff must show deliberate indifference in order to demonstrate intentional discrimination under the ADA).

**AFFIRMED.**